looks as though we've got one person on TV and one person in person correct good morning may it please the court Mario Acosta jr. on behalf of the petitioner I'd like to reserve two minutes for a rebuttal okay your honors in this case the petitioner was the victim of extortion based on the fact that she is a woman now the argument that was presented to the judge that was she was the member of two particular social groups one being on during women who are business owners as well as on during women who reject gang assistance as either one has either one of those been right you're not suggesting that there was some prejudice against her because she's a woman I believe that the argument here is that the asylum claim needs to establish that the persecutors motivation was based on at least one particular social group which in this case would be her gender which has been universally recognized as a vulnerable particular social group the evidence I understand your argument you you had it well in your briefs but your opening seemed to suggest that that the she was rejected because she was a woman I don't think you meant to say that but I wanted to make sure right what I meant to say is that the board rejected that proposed group so the argument here is that the board made a mistake by rejecting the proposed social group and by virtue of that error it then found that there was no nexus to any particular social group when as the testimony and declaration establishes these gang members basis basically when they weren't able to get money from her resorted to fondling her to touching her sexually assaulting her that's obviously not something that they would have done had they persecuted a man for instance so under the circumstances we would argue that particularly based on the case that a remand is required because it it does appear that the BIA committed an error because it reviewed the nexus issue under a clear error standard when Umana clarifies that the nexus component of the asylum analysis needs to be reviewed de novo do you have any case law that tells us that this proposed social group is cognizable that is to say woman business owner not the business owner component however women have been I understand that but this pretty clear that's what's going on here is that the gang came after her because she was a business owner she also was a woman and obviously she was mistreated in a way that was specific to a woman but they were after her money that's undisputed and the reason she had money was that she had a business so there's no specific case that I'm familiar with that has women and business owners together as a particular social group obviously that doesn't preclude the court from finding that there is a particular social group presented in this case I think under matter of a Costa obviously the question becomes is there an immutable characteristic the fact that she's a business owner I can understand maybe necessarily isn't an immutable characteristic that the problem here is that it's unique because if you don't get money from her you're still gonna fondle her you're going to sexually assault her there's there's a different didn't she say that that that sexual fondling would have happened regardless of whether she was a man whether she was a female that they did it to the men too I thought her testimony was along those lines and it was your honor and I mean respectfully I don't think she's an expert when it comes to whether or not gang members sexually assault men I could imagine that that that might be a possibility of the gang member is has a preference for men but in this case it was clear that whenever they didn't get the money they would beat her and they would specifically grope her they would I think if they would have just beat her up as she said I think that that's something that's universal whether you're a male or a female if you're not paying the gang members you're more than likely going to be physically assaulted can I interrupt for just a minute but if we accept your if we accept your position that she is a member of a protected social group that means that men business owners who are mistreated are not entitled to relief women business owners are but the business owner part of it is seems to me inextricable so this is not just freestanding prejudicing an ill treatment of women and I can understand your honor your concern and your your point but that's why I would invite the court to consider under umana remanding the case so that the BIA has an opportunity to review this issue de novo because as I argued it's clear from the BIA's decision they reviewed this for clear error which is obviously way more deferential to the BIA conducting a de novo analysis might agree that there is a particular social group and that there is a nexus that's been established I think well but hold on counsel the BIA's or the the IJ said this was only economic reasons why she was being targeted didn't the BIA do the proper analysis to say was there substantial evidence to support the IJ's decision there and then isn't that what we're supposed to do is find whether there's substantial evidence to support the BIA's determination in that regard and and I understand your honor I would respectfully answer I think that the the board focuses solely on the economic component of the particular social group while ignoring what was clearly argued which is that it was based on the fact that she was a woman and if I may and and you in your view that's a legal that's a that's a legal error that we need to remand to correct correct your honor and I would respectfully point out to the Antonio case where in that case if you recall the argument was that the woman dressed up as a man but she didn't actually argue that it was that she was being viewed as a lesbian okay so you don't so can I just ask a couple of quick questions on the cat claim what is the was she tortured before she left I mean I you know the sexual groping I don't know does that fall within torture and the beating how severe were the beatings does that fall within torture and to what degree does that control this analysis for her prior treatment well I think that pursuant to the standard that the court applies you have to review it based on any acquiescence that the government has and also take into account that she was the victim of rape by her stepfather for several years okay but okay so you're saying it's the mental you're saying this was mental torture that was exacerbated because of her prior history there's no allegation she was actually raped by the by the gangs as a business owner right that is correct your honor it's more that she was a vulnerable yeah she was in a vulnerable state given the fact that she had already been raped previously for several years when she was a minor by her stepfather now she has issues your time is running so pardon me for interrupting she says that if she were to be sent back she would be killed now of course killing satisfies the adverse treatment aspect of cat relief right the response of both the IJ and of the BIA is well you needn't worry about that there's not enough risk of that because you can move down the road a little bit and avoid your husband or former husband your sister's there and she's not been hurt none but no none of the reasons given by the IJ and the BIA address her statement that says I refused to pay and as punishment for refusal to pay when I return they will kill me and they said she's asked well can't you move away she says they are everywhere so that's her that's her cat claim it's not so much based upon the she says they're gonna kill me so what am I supposed to do with that well I think that that's the problem is that she clearly has the fear that they're going to kill her and they acted on those threats by beating her by sexually assaulting her so I think that given the country report and the testimony that was found to be credible I think that the board also heard by not granting cat relief but as I'm arguing I think that she was also eligible for asylum based on the particular social group that was offered as an alternative cat relief should have been granted as well and I recognize that my time is up but I believe that your honor had some additional questions so I'm willing to waive my my rebuttal time so I can answer those questions no that that's that's it for me for now any other questions at the moment okay well we'll hear we'll hear from the government but we will give you a chance to respond thank you good morning your honors Sarah pergolese for the government may it please the court and to start I'd like that to reiterate that the standard of review in this case is for substantial evidence and that the court reviews the factual findings of both motive and the likelihood of future torture for substantial evidence that is that to succeed the petitioner needs to point to evidence not only that supports the agency's conclusions but that compels it can I just jump in on the cat claim because that seems to be the more problematic claim here and what do we do with this she she seems to have a sincerely held belief that she's gonna be killed if she goes back what do we do with that do we do we accept that at face value did the BIA properly address that or do they have the opportunity to assess this and say well that's just not an objectively substantiated fear that you have thanks judge as the Supreme Court reiterated in Ming Dai versus Garland the unsubstantiated beliefs credible beliefs that aren't substantiated by evidence are not sufficient to meet an applicant's burden of proof so as belief can be credible but not persuasive and that's what we have here the petitioner believed that she would be killed but offered no evidence to support that may be a good argument but that's not what either the IJ said or the BIA said well they give reasons why she could get away from her husband they say well her sister's not beaten up but they say nothing in response to her testimony where she says because I refused payment they will kill me there was no response that's not addressed at all the the BIA could have said as you're now saying well country conditions are such that we think even though this is sincerely held belief they found her credible we find it doesn't rise to the level of probability but they didn't say that so what do we do we let you write the opinion for the BIA well no of course you need to review the decision for the reasons that the agency gave and that's what we're also defending but the facts that the also indicative of an absence of a particular as the fact that her daughter is remain safe in the country well of course your daughter but this is maybe this is boring for me to say it again but the daughter is not in the same position right but what I'm trying to say is that it's also evidence that the daughter that the gang hasn't sought out the daughter to seek the whereabouts of the petitioner and thus they haven't indicated any continued interest in the remain in the same community aren't we limited to what the BIA said to judge Fletcher's point and did the BIA say anything more than we think you can relocate are there are there other justifications that we can look to and and I mean I guess you're trying to argue that there's an implicit reference by the fact that you can relocate that the threat wasn't that serious they almost seem to say the threat is serious and you can relocate at least that's my reading of what the board did so I'm wondering what we're limited to because maybe that's enough if if they said you can relocate is that not enough to say that there was substantial evidence that she's able to to relocate and mitigate any harm that was there even taking the harm at face value that she would have faced the death by those kidnappers or not kidnappers the gang members who were harassing her given this evidentiary record yes I think it is enough the board also noted that the petitioners main arguments to the board with respect to their future fear of harm of torture are these country condition evidence that only showed generalized violence and generalized risk of harm and so I think those coupled together doesn't seem to be an issue here I'll go ahead judge well but that leads me to the question that I would like to have some information on after reviewing the case how particularized must the petitioners evidence of torture be to entitle her to leave under cap do you have any case that would help on that issue of how particularized the evidence must be I think we discussed probably the most helpful case when it comes to particularized risk in our brief and helpful ones are Ramirez Munoz which again we're just about similar generalized evidence was insufficient and that is generalized evidence of indiscriminate violence in a country and another helpful case is excuse me sorry as I'm trying to find it yeah excuse me and again that there's a number of cases from this court about similar generalized evidence of country conditions generalized evidence of violence that's indiscriminate is not sufficient an applicant for cat does not need to show like asylum or withholding that they face fear of harm on the basis of a social group or a protected ground in the statute but they do need to do something beyond showing that harms that affect the whole population would also and I understand that and I agree with your general statement but of course she has particularized evidence she has her narrative she has the fact that she's refused to pay and we have her testimony that says the gang will kill me when I come back because I haven't paid them and then she's asked what if you return to some other location not where you live previously and her answer is they're spread all over we can we know that she's credible she may or may not be right how do we decide whether she's right the country conditions report tell us that violence is everywhere and she says particularly in particularizing to her everywhere and they're going to kill me because that's what they do to people who don't pay that sounds particularized to me we can believe it or not believe it but that sounds particularized doesn't support let alone compel the conclusion that single individual gang members in certain communities would seek other would seek people out if they changed and the totality of her testimony also she testified that other people in her yeah but then I come back to the problem of if the BIA or the IJ had said this I would be in a different position I understand the BIA and the CIA BIA and the IJ neither one neither entity said what you're now saying they are certainly using this particularized risk language as a shorthand but I think it is enough that this is what they're talking about the board also says the immigration judge's decision which loops in the factual findings and summaries of the petition well no I pretty much gave you the IJ's reasons why the IJ rejects the cat claim and the IJ's reasons are well you move down the road to get away from your bad husband your sister's not been harmed and you don't have your business anymore and she says yeah but I told them I wouldn't pay and they will kill me because I would not pay that's a different reason and they said they gave no response to that right and I understand the concern and I think the fundamental thing that we're talking around is just and maybe that's difficult in the immigration judge's decision and it could have been clearer is that the testimony doesn't support those beliefs and so it's well what do you mean the testimony doesn't the testimony exactly is to that do you say there may be no other evidence that supports that not that I found in the but doesn't discuss that individual gang members would seek retributory harm against people who refuse to pay extortion payments in the past years in the past now or that they seek people out outside of the communities with when with within which they work the gangs the evidence doesn't really say one way or the other how centralized the gangs networks are and so again under the substantial evidence review standard this evidence may be enough to support a and it certainly would have been preferable yeah at this point I'm speaking only for myself the panel members have not consulted ahead of time by this case you've to the extent that we've interacted with respect to this case you've seen every bit of in front of you this morning so so this is only my own question if we were to remand what happens is there something here that we should say well the evidence compels just because of what she said do you want to remand for look to allow the BIA to say what they haven't said if they're going to say it I mean what's what's the appropriate remedy if I were to conclude that on this record there's not insufficient right there's insufficient evidence to reject her cat claim please yeah please I think I'd like to address that almost almost twofold if I show you of course because what I'm hearing you say is what kind of error is this if there is an error with respect to the cat claim and from the courts questions in general my sense is the error is not one of that the evidence in this record compels the conclusion of a likelihood of torture but that the applicants testimony and so that's a different kind of error that I don't think would necessitate a grant of cat or a ruling that the evidence compels but rather a legal problem with the that the agency's can the agency's findings lack to central analysis and so if that's what I would caution that the or that's what I would think the remand if cat needs if this case needs to be remanded for cat that that would be the basis and not because the evidence so as your choice if you have to choose between we grant relief on cat and remand you choose remand and I do if I can briefly conclude I understand the court's concerns with the depth of the analysis with respect to cat in this case I think it's in part informed by the depth of argument in this case when it comes to both the briefing to the board and the arguments made to the to the petitioner didn't really argue at all about her eligibility for cat in her pre-statement or her pre-hearing briefing to the immigration judge either and if I could just quickly summarize my responses with respect to the asylum just because I think you're okay you're over time and I think we understand your position on the on the asylum and the withholding all right oh I'm sorry before you leave one-third of the panel has another question that we didn't have time to get to that I'd like to squeeze in before you go there there is a finding in the board that that she could read look relocate and be safe is there any it would seem to me that that becomes the key because even if all that been said or suggested is true if she can relocate and doesn't have a problem would not have a problem according to the board and they've made a finding on that and do we ever get to the other issue and if that's true what's your best evidence showing that she could relocate relocation with respect to the analysis is a strong factor either way that either when assessing the likelihood of risk of torture and so the relocation finding is another basis that strongly supports the agency's conclusions in this case and again the most persuasive evidence in that sense is that the petitioner herself did relocate in the fled her stepfather who did not pursue her but it's that evidence again is not as it's not the apples and apples because the petitioner ever testified that her stepfather is also a gang member but other evidence so I think the best evidence again is just the lack of any testimony which is the lack of evidence as evidence I understand that that's frustrating but just the lack of any testimonial evidence that the gang ever pursued anyone else in her community when they refused to pay or retaliated with violence reaching the level of murder thank you thank you very much would you put a minute on the clock rebuttal thank you so obviously staying with the topic of cat I do agree that the BIA clearly made a mistake by referencing the relocation as relevant to her stepfather because at this point her argument was based on the gang members not her stepfather don't don't we oh I mean it's only substantial evidence right you agree with that and if she it seems to me that it's not inconceivable and I guess the question is how much does the BIA need to say about this but the stepfather would have been far more inclined to seek her out then then then gang members it seems to me and I think that's sort of what they was the BIA was saying if you can fill in some of the gaps is well she was able to get away from someone who knew her intimately and and was a family member so why would she not be able to get away from the gang members and the only response to that is well they're everywhere but that doesn't really seem to flesh that out anymore so why don't we why can't we stay that substantial evidence to support the BIA's finding well I think it for two reasons one because obviously the persecutor here that she was primarily alleging was the gang member it wasn't the stepfather at this point she was just making reference to the stepfather to give you context as to how damaging the sexual assault was to her emotionally and the second point I briefly make would be in that same section the board also says that she's unlikely to suffer any torture or death because she doesn't have the business anymore so I'm also concerned with what type of precedent the BIA is suggesting so the fact that someone goes back to their country opens up a business is successful refuses to pay gang members now is somehow deprived from the opportunity of applying for cat relief because they lost the business as a result of that the point is that if she could safely relocate and not have a problem then there's no reason for the board to justify her overlook her other issues and if that's true then that's the end of the case I understand the finding there that seems to make some sense and it's not overlooked so I just wonder if we ever get to the other issues because she has a safe location she could go to and that's that's the rule you may not like it but that's no I understand your honor but but I would argue respectfully what happens when she goes back and she opens a clothing store again she obviously is going to be the victim of the same type of torture same type of attacks before you said obviously but the board said not otherwise the board said she can safely recall okay that's a finding as well as a conclusion but it's a finding based on the fact that she lost the business I understand your honor but I think that it's fundamentally unfair to give the BIA the benefit based on the fact that the petitioner loses her business because of what she's arguing is the persecution that she's suffering the torture that she's suffering from the attacks that she's suffering from so under the circumstances I know I'm way out of my time so way over my time so if there's no other questions with that we would submit okay thank both sides for your
judges: WALLACE, FLETCHER, NELSON